Common Pleas Court of Licking County.

RUGG, EXCR., V. LARIMORE ET AL.

Decided December 29, 1927.

*Fitzgibbon, Montgomery & Black,* for plaintiff.

*Flory, Flory & Yearick* and *F. E. Slabaugh,* for defendants.

**MOORE, J.**

This is a suit to construe a will, and is submitted to the court upon an agreed statement of facts and the arguments of counsel. It is sought to construe items 2, 3 and 6 of the will. Item 2 of the will is as follows:

"Item 2. I devise and bequeath to my husband, William Larimore, during his natural life, all of my real estate, owned by me single or jointly with others. After his death, I devise and bequeath in fee simple all my real estate equally among my sisters and brothers, Lida Penny, Elizabeth Rugg, Samuel W. Taylor and George W. Taylor, and in the event that either or all of them be deceased, then their share to be divided among their respective children in fee simple. Provided, however, that after my husband's decease, if there is not enough actual cash money to pay the legacy as provided for in the following

Item III, enough of my real estate must be sold to pay said legacy before dividing my real estate among my sisters and brothers or their children."

Item 3 is:

"Item 3. I give and bequeath to my nephew, Samuel Howard Rugg, the sum of one thousand dollars in cash, and if there be no such cash in my estate, then enough of my real estate shall be sold to pay this legacy as provided in Item II. But in no event shall any personal property given or bequeathed in this will be sold to pay this legacy."

A construction of Items 2 and 3 will necessarily also construe Item 6 in relation thereto.

At the time of the execution of this will Mr. and Mrs. Larimore were the owners jointly of a house and lot in Kirkersville and a farm. Sometime afterwards, the farm was sold on contract, and a part of the installments on this contract have been paid, but something like $8,000 ($4,000 of which the widow, if living, would be entitled to) remains unpaid. The question arises whether the installments remaining unpaid descend under this Item 2 of the will, or whether they become personal property, and descend under Item 6, in which the husband, William Larimore, is bequeathed all of the personal property.

. The will has been admitted to probate; no contest has been made upon this will, and the time for contesting the will has expired.

The will must be construed according to the intention of the testatrix at the time it was made. In the matter of contracts for the sale of real estate which are uncompleted, whatever the character of the property may be, and however it may be considered generally, it seems to the court that, so far as wills are concerned, this is definitely settled by Sec. 10566 of the General Code of Ohio, and the three sections following. Sec. 10566 reads as follows:

"A bond, agreement or covenant, for a valuable consideration made by a testator, to convey property previously devised or bequeathed in a will, shall not revoke such de-

vise or bequest, either at law or in equity. The property shall pass by such devise or bequest, subject to the remedies on such bond, agreement, or covenant, for a specific performance or otherwise, against the devisees or legatees, which might be had by law against the heirs of the testator, or his next of kin, if it had descended to them."

It is argued by counsel representing William Larimore, upon his attention being called to this section, that the intention of the statute is only to provide a remedy by which the purchaser may enforce specific performance. But the court thinks it is more than that. The court thinks that it provides how any interest remaining in a contract of this kind will pass, and that the original devise shall pass it, and pass it in the manner provided in the original devise.

In support of this construction, the Supreme Court, in a very early case, that of *Brush* v. *Brush,* reported in the 11 Ohio, at page 286, uses this language:

"The act relating to wills provides that a conveyance, settlement, deed, or other act of the testator, by which his estate, or any interest in property, previously devised or bequeathed by him, shall be altered but not wholly divested, shall not be deemed a revocation of the devise; but such devise or bequest shall pass to the devisee or legatee, the actual estate or interest of the testator, which would otherwise descend to his heirs or pass to the next of kin, unless, in the instrument by which such alteration was made, the intention is declared that it shall operate as a revocation of such previous bequest or devise. So, in Sec. 38, it is provided that when there is a total disposition of the property, it shall operate as a revocation, unless it be upon a condition or contingency, and such condition be not performed, or such contingency does not happen.

"Thus, when there is a will devising the whole estate, and a subsequent conveyance or deed which does not divest the whole estate, it does not revoke the will, but the devise operates *pro tanto* upon that portion not divested.

"The rule is this: If the will conveys the whole estate, and the subsequent disposition, by deed or otherwise, does not transfer the whole estate, but leaves a portion which would descend as at law, the devise attaches to such descendable portion, and carries it to the devisee."

This court thinks that the $4,000 remaining unpaid upon this contract, under this statute and as construed by the Supreme Court, passes as originally devised in the will: that is, it passes to William Larimore for life, and, at his death, to the remainderman, as set forth in the will.

In Item 3, the $1,000 bequeathed to Samuel Howard Rugg is plainly not intended to be paid until after the decease of the husband, William Larimore. Item 3 provides that after her husband's decease, if there is not enough cash money to pay the legacy provided in Item 2, enough of the real estate must be sold to pay it. Consequently we think that this legacy to Samuel Howard Rugg is to be paid at the death of William Larimore.